<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 25, 2020

Sonya Jackson Bey
190 Berkeley Terrace
Plainfield, NJ 07062
*Pro Se Plaintiff*

Michael V. Gilberti, Esq.
Jardim, Meisner & Susser, P.C.
30B Vreeland Road, Suite 201
Florham Park, NJ 07932
*Counsel for Defendants*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:** *Bey v. Kranz, et al.*
Civil Action No. 19-14703 (SDW) (LDW)

Litigants:

Before this Court is Defendants E. Bernard and D. Kranz's Motion to Dismiss *pro se* Plaintiff Sonya Jackson Bey's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendants' Motion to Dismiss.

### I.   BACKGROUND & PROCEDURAL HISTORY

On October 9, 2020, Plaintiff filed an Amended Complaint against Fanwood Borough police officers D. Kranz and F. Bernard (together, "Defendants").[1] (D.E. 23.) Plaintiff alleges that on June 23, 2019, Defendants pulled her over while she was driving on George Street in Plainfield, New Jersey. (D.E. 25 at 1–2.)[2] It appears that Plaintiff's automobile had a fictitious license plate from the North American Moorish Empire, and Plaintiff claims that she is Moorish

---

[1] Plaintiff's initial complaint was filed against Defendants as well as the Fanwood Borough Police Department and the Plainfield Police Department ("Police Departments"). (D.E. 1.) The Police Departments' motion to dismiss the original complaint was granted *with prejudice* by this Court on July 29, 2020. (D.E. 15.)

[2] All pincites to page numbers from Docket Entry Numbers 23 and 25 refer to the CM/ECF pagination generated on the upper-righthand corner.

1

American.  (*See id.* at 2.)  After conversing with Defendants regarding her Moorish American license plates and Moorish American identification card / driver's license, officer Bernard ordered Plaintiff to turn off and step out of her vehicle.  (*Id.*)  Plaintiff refused, and officer Bernard proceeded to "grab [her] through the window."  (*Id.*)  Plaintiff then claims she "moved out of his reach[],"and officer Bernard then opened the car door and grabbed Plaintiff.  (*Id.*)  In response, Plaintiff admits that she "swung at [officer Bernard]," before he "aggressively pulled" Plaintiff from her car and "violently slammed [her] to the ground."  (*Id.*)  Plaintiff alleges that she "was kicking and screaming" as Defendants "forcefully" applied handcuffs while they were "on top of [her]".  (*Id.*)  Defendants then searched Plaintiff's car, notwithstanding her objections.  (*Id.*)

After Plaintiff's person was searched, she was transported to the Fanwood Police Department.  (*Id.*)  Plaintiff claims that officer Bernard "violently twisted the tight[] handcuffs against [her] wrist which caused extreme pain and swelling" before she was placed in a jail cell.  (*Id.*)  Thereafter, Plaintiff demanded medical treatment for her alleged injuries and was taken to the hospital, where she was allegedly treated for "neck, back and wrist/hand injuries."  (*Id.*)  Plaintiff asserts that she was discharged to a medical unit in the Union County jail.  (*Id.*)

Plaintiff purports to assert various legal claims against Defendants for "unlawful false imprisonment, emotional distress, post psychological trauma, illegal search and seizure of [her] private automobile, illegal arrest, assault and battery, violation of constitution[al] rights, violation of civil rights, conspiracy to commit unlawful acts, discrimination of natural origin, [and] breach of duty as an officer of the law."  (D.E. 23 at 4 (original capitalization omitted).)  Plaintiff claims that she suffers from "[p]ost-psychological trauma . . . physical and emotional trauma of suppressed memories . . . [and] [i]ntentional injuries and damages . . . due to the [Defendants' alleged] negligent actions and failure to uphold [the] sworn oath to the union state Constitution."  (D.E. 23 at 5; D.E. 25 at 2.)  Defendants filed the instant motion to dismiss the Amended Complaint on October 20, 2020.  (D.E. 26.)  Plaintiff submitted a letter in opposition, and Defendants filed a reply.  (D.E. 27, 28.)

## II.     STANDARD OF REVIEW

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted) (emphasis added). Accordingly, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION[3]

Reading Plaintiff's *pro se* submission liberally, *see Erickson*, 551 U.S. at 94, the Court construes the Amended Complaint to assert claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment. These claims arise from Defendants' alleged conduct in their official capacities as police officers of the Fanwood Borough Police Department. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

2 U.S.C. § 1983. Section 1983 does not itself create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To establish a Section 1983 claim, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

None of Defendants' actions as alleged in Plaintiff's Amended Complaint, state a claim under Section 1983. First, there are no factual allegations to support the claim that an unlawful traffic stop occurred in violation of the Fourth Amendment. The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. Traffic stops are "seizures" within the meaning of the Fourth Amendment, although "the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *see also United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006). Significantly, a "police officer who observes a violation of state traffic laws may lawfully stop the car committing the

---

[3] As a preliminary matter, Plaintiff's identification as a Moorish American does not automatically provide a basis for legal claims or arguments. *See United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003) (explaining that a litigant who states she is a "Moorish American" is an individual claiming that her "ancestors came from Africa, that [s]he is therefore a Moorish national, and that as a result [s]he need obey only those laws mentioned in an ancient treaty between the United States and Morocco"); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 546 (D.N.J. 2011) ("Any claims or arguments raised by [p]laintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous.") (quoting *Hampton v. City of Durham*, No. 10-706, 2010 WL 3785538, at *3 (M.D.N.C. Sept. 22, 2010)); *see also United States v. Harris*, Crim. No. 03-354-01, 2015 WL 179378, at *2 (D.N.J. Jan. 13, 2015).

3

violation." *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) (citing *Pennsylvania v. Mimms*, 424 U.S. 106, 109 (1977)).

Under New Jersey law, specifically the Motor Vehicle Code ("MVC"), *see* N.J. Stat. Ann. § 39:1-1 *et seq.*, no individual may "drive a motor vehicle which displays a fictitious number, or a number other than that designated for the motor vehicle in its registration certificate." N.J. Stat. Ann. § 39:3-33. Plaintiff does not dispute that she was driving a vehicle without a proper license plate. (*See* D.E. 25 at 2.) Accordingly, Plaintiff's fictious license plate gave Defendants probable cause to stop her car. *See Bey ex rel. Ruiz v. McKinney*, No. 15-8089, 2017 WL 1024275, at *3 (D.N.J. Mar. 15, 2017).

Next, Plaintiff has not alleged a Fourth Amendment violation for Defendants' search and seizure of her vehicle. The Court construes the Amended Complaint to allege that Plaintiff's vehicle was towed. (*See* D.E. 25.) The MVC requires drivers to "be in the possession . . . at all times" of their "license, [] registration certificate . . . and an insurance identification card" when driving in New Jersey, and to show the same to police officers if they request to see such documentation in the course of their duties. N.J. Stat. Ann. § 39:3-29. In addition, the MVC authorizes police officers to "remove any unregistered vehicle from the public highway to a storage space or garage" at the driver's expense. *Id.* § 39:3-4. Here, Plaintiff admitted to maintaining a "Moorish American identification card because [she] is Moorish American." (D.E. 25 at 2.) Moreover, Plaintiff does not allege that she presented Defendants with any valid documentation as required by New Jersey law. *See* N.J. Stat. Ann. § 39:3-29. Thus, Defendants acted under lawful authority when they seized Plaintiff's vehicle. *See McKinney*, 2017 WL 1024275, at *3. In addition, because Plaintiff's car was lawfully seized, Defendants' search of the vehicle would have been permissible under a required inventory search pursuant to established department procedures, or at minimum, a warrantless search of the passenger compartment incident to arrest. *See United States v. Dancy*, Crim. No. 19-658, 2020 WL 3446329, at *8 n.12 (D.N.J. June 24, 2020).

The Court also liberally construes the Amended Complaint to assert claims against Defendants for wrongful arrest and excessive force under Section 1983 in violation of the Fourth Amendment. Defendants contend that they are entitled to qualified immunity on this and all other claims because none of Plaintiff's constitutional rights were violated. (*See* D.E. 26-1.) This Court agrees.[4]

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, a court must "decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Second, the court must "decide whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Id.* (internal

---

[4] Because Plaintiff fails to state a claim under Section 1983 with respect to other alleged violations under the Fourth Amendment as noted above, the Court need not address Defendants' qualified immunity argument on those allegations.

4

quotations omitted). If the answer to either question is "no," the analysis may end, and immunity applies. *Gardner v. N.J. State Police*, No. 15-08982, 2018 WL 5342715, at *7 (D.N.J. Oct. 29, 2018) (citing *Pitman v. Ottehberg*, No. 10-2538, 2015 WL 6445872, at *6 (D.N.J. Oct. 23, 2015)).

"[A]n officer will be immune from civil liability under § 1983 for a wrongful arrest 'if there were sufficient objective indicia of probable cause to justify the action taken even if, in fact, probable cause did not exist.'" *Plummer v. Dep't of Corrections, State of N.J.*, 702 A.2d 535, 537 (N.J. App. Div. 1997) (quoting *McKinney v. E. Orange Mun. Corp.*, 666 A.2d 191, 195 (N.J. App. Div. 1995)). Probable cause exists if, at the time of arrest, "the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005). As previously discussed, because it is undisputed that Plaintiff failed to provide required vehicle and identification information pursuant to New Jersey law, Defendants had probable cause to arrest Plaintiff. *See Suarez v. DeHais*, No. 95-3791, 1997 WL 392590, at *5 (D.N.J. June 11, 1997).

In cases involving claims of excessive force, "[t]he relevant inquiry is 'the reasonableness of the officer's belief as to the appropriate level of force[,]' which 'should be judged from [the officer's] on-scene perspective,' and not in the '20/20 vision of hindsight.'" *Curley v. Klem*, 499 F.3d 199, 206–07 (3d Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 205 (2001)). "Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," evaluation of an officer's objective reasonableness "requires careful attention to the facts and circumstances of each particular case including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). If the court determines that a constitutional violation occurred, it should then consider whether the right violated was "clearly established" or "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Curley*, 49 F.3d at 207 (quoting *Saucier*, 533 U.S. at 205).

Here, Plaintiff admits that she refused to exit her vehicle upon request,[5] and proceeded to swing at officer Bernard before she was placed under arrest. (D.E. 25 at 2.) Plaintiff also admits that she was "kicking and screaming" when Defendants handcuffed her. (*Id.*) Assuming all facts in the Amended Complaint are true, Plaintiff's vague allegations regarding Defendants' use of force are insufficient to plausibly support that Defendants used *unreasonable* force. *See, e.g.*, *Kwanzaa v. Tell*, No. 19-16052, 2019 WL 5541280, at *6 (D.N.J. Oct. 28, 2019) (finding allegations that plaintiff had been "forcefully removed" from his car and assaulted causing "chest pains and injury to his lower back" insufficient to state an excessive force claim because plaintiff failed to allege what the officers did, the type of force used, and how their actions resulted in his injuries); *see also Edwards v. Gahm*, No. 16-5702, 2018 WL 5669166, at *2 n.4 (D.N.J. Nov. 1, 2018), *appeal dismissed*, No. 18-3713, 2019 WL 2517819 (3d Cir. May 1, 2019) (finding

---

[5] "[I]f a vehicle is lawfully stopped for a traffic violation, a police officer may order a driver to exit the vehicle." *Gomez v. Markley*, 385 F. App'x 79, 82 (3d Cir. 2010) (citing *Mimms*, 434 U.S. at 111).

plaintiff's conclusory assertions that his handcuffs were too tight resulting in subsequent wrist surgery "insufficient to state a valid excessive force claim" without additional allegations such as the amount of time he was handcuffed and whether he requested the cuffs be loosened) (citing *Shuman v. Raritan Township*, No. 14-3658, 2016 WL 7013465, at *15–16 (D.N.J. 2016)).[6]

Finally, because Plaintiff's federal claims are dismissed with prejudice for the reasons set forth above, the Court declines to extend supplemental jurisdiction over the remaining state law claims, *without prejudice*. *See* 28 U.S.C. § 1367(c)(3); *see also Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). To the extent Plaintiff wishes to pursue those claims, she may do so by refiling her state law claims in state court within thirty days. *See Hedges*, 204 F.3d at 123 (quoting 28 U.S.C. § 1367(d) for the proposition that the statute of limitations for any state law claim over which a federal court declines to extend supplemental jurisdiction is tolled while that claim is pending in federal court and for thirty days after it is dismissed).

### IV. CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**. An appropriate order follows.

                                                              /s/ Susan D. Wigenton
                                                 **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
              Parties

---

[6] To the extent the Amended Complaint asserts a cause of action for conspiracy to interfere with civil rights in violation of Section 1985, Plaintiff fails to state a claim. Under Section 1985(3), two persons must "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). Plaintiff must "allege that the conspiracy was motivated by racial, gender, or other class-based discriminatory animus." *Slater v. Susequehanna Cnty.*, 465 F. App'x 132, 136 (3d Cir. 2012) (quoting *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)). Here, Plaintiff has wholly failed to allege facts to suggest the existence of an agreement or conspiracy among Defendants, nor has she explained the basis for any alleged discriminatory animus motivating the traffic stop. Accordingly, any purported claims asserted under Section 1985(3) are dismissed.

In addition, to the extent Plaintiff attempts to assert claims for violations of 18 U.S.C. §§ 241 and 242 for alleged criminal conspiracy against civil rights and criminal deprivation of civil rights under color of law, those claims are also dismissed because as a matter of law, criminal statutes do not provide Plaintiff with a private right of action. *See Kent v. Herida*, 478 F. App'x 721, 723 (3d Cir. 2012).